January 17, 2021

The Honorable Michael E. Horowitz U.S. Department of Justice
Office of the Inspector General
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

RE: Request for Investigation into Attorney Misconduct

Inspector General Horowitz:

I wrote a letter to you dated February 25, 2020 requesting an Investigation and Audit of my FISA Proceedings related to the 2013 FBI investigation into a data breach of the Boeing C17. I am writing today to file a complaint and request that your office conduct an investigation into attorney misconduct involving members of the United States Attorney's office and my attorney, Mark Werksman. The issues outlined in this letter, in conjunction with the issues related to FISA identified in my previous correspondence, lead me to conclude that I was denied a fair legal process in this matter.

I was concerned about Mr. Werksman's handling of my case almost immediately. He repeatedly did things that were not in my best interests, pressured me to sign documents I felt were inaccurate and misleading, said things in court that were not true, would not utilize important witnesses, and generally did not seem to care about my defense. Since I was denied access to the internet and unable to leave my home, I was unable to research what was proper and legal. Over time, I became convinced that Mr. Werksman was working against me in collusion with the government. Since I had to pay him a non-refundable fee of $100,000 to retain him, I had no money left to pay a new attorney once I realized what was happening. I had planned to raise these significant issues with an ineffective assistance appeal, but my pro bono attorney wanted to proceed with a different strategy, and I had no ability to proceed on my own.

Here are some of the things that transpired:

1) **I was coerced into signing a waiver**

    After my conviction, on December 29, 2015, Mark Werksman received a letter from the prosecution notifying him that there was a potential conflict of interest between Mark Werksman's firm and the government forensics witness against me, Bruce Pixley.[1] As a

---

[1] Letter from Eileen M. Decker, United States Attorney, United States Department of Justice, United States Attorney's Office, Central District of California, December 29, 2015, to Mark Werksman, Esq., marked as "Via E-mail" regarding United States v. Keith Preston Gartenlaub, Case No. SA CR 14-173-CAS.

result, Mr. Werksman asked me to sign a letter saying that I waived any claim of ineffective assistance in the handling of my case.[2] I read the letter he wrote and knew that it was not factually correct, since Alan Jackson, Mr. Werksman's partner who had been in contact with Mr. Pixley, had been at my trial for several days, one of which I believe was the same day that Mr. Pixley was on the stand. I personally spoke with Mr. Jackson on two occasions during the trial. I was also uncomfortable with the waiver since it covered all ineffective assistance, not just that related to the conflict of interest. I said that I would not sign it on December 29 and at least two times after that. On January 4, I went to Mr. Werksman's office to work with my legal team on the appeal and he demanded that I had to sign the waiver or that all work on my case would immediately stop and I would miss an important deadline. Since January 5, the next day, was the deadline for filing a reply related to my motion to set aside the verdict,[3] I was forced to sign the letter, although I did add a handwritten note, "as a result of this situation." This was my attempt to give an indication that I was coerced. I did not agree with this waiver and knew I had signed under duress, so later that day I spoke with, and then wrote a letter to, my forensic expert, Jeff Fischbach, describing the details of what had transpired so that there would be a record.[4]

2) **The FISA warrant was suppressed**

Since all of the evidence against me was obtained using a FISA warrant, I fully expected that this would be brought up during the trial. My belief was that if the jury was not told what I was being investigated for, they would make incorrect and damaging assumptions. Knowing that the FBI had launched an extensive investigation that resulted in no charges may have provided some doubt to the jury about the validity of the charges and evidence they did bring against me. I discussed this with Mr. Werksman multiple times and was assured that FISA would be brought up as part of the trial. I was shocked when the trial ended without any mention of FISA. I later learned that there was an agreement between the prosecution and Mr. Werksman to suppress the FISA aspects of my case. This apparently was discussed at a pre-trial status conference a month before my trial,[5] but I did not understand what had transpired, even though I apparently was in attendance. The transcript from that status conference indicates that Judge Snyder stated that FISA could be raised if there was any evidence of the prior search corrupting the evidence.[6] Since my forensic expert, Mr. Fischbach, found

---

[2] Letter from Mark J. Werksman to Keith Gartenlaub, dated January 4, 2016, RE: Your Case, marked as "HAND DELIVERED."
[3] Reply to the Government's Opposition to Defendant's Motion to Set Aside the Verdict, or, in the Alternative, for a New Trial, United States of America vs. Keith Preston Gartenlaub, Case No. 14-CR-00173-CAS, January 5, 2016.
[4] Letter to Jeff Fischbach, Secondwave, from Keith Gartenlaub, dated January 4, 2016.
[5] Reporter's Transcript of Proceedings, United States District Court, Central District of California – Western Division - Honorable Christina A. Snyder, United States District Judge Presiding, United States of America v. Keith Preston Gartenlaub, Case No. SA CR 14-173-CAS, November 16, 2015, pages 9-11.
[6] Reporter's Transcript of Proceedings, United States District Court, Central District of California – Western Division - Honorable Christina A. Snyder, United States District Judge Presiding, United States of America v. Keith Preston Gartenlaub, Case No. SA CR 14-173-CAS, November 16, 2015, page 11 lines 23-25 through page 12 line 1.

evidence that my computer was modified during the FISA search, this agreement should have been revisited, and FISA should have been raised at trial. I also wanted to testify during my trial so that I could tell my side of the story, but Mr. Werksman convinced me it was not in my best interests. He also decided at the last minute not to allow Mr. Fischbach to testify. I now believe that he did not put either of us on the stand because he knew that we would bring up FISA.

3) **The trial should have been delayed due to inadequate time to prepare**

The basis of the government's case was the Pixley report, the findings of the government retained forensic examiner, Bruce Pixley.[7] For nearly a year, Mr. Fischbach and I repeatedly asked Mr. Werksman to obtain from the prosecution a list of "charged, or chargeable items, including file names and complete file-paths"[8] in order to prepare an adequate defense prior to the release of the report. This list was never received. Finally, Mr. Werksman received the Pixley report from the prosecution around the Thanksgiving holiday on November 26.[9] Due to the holiday and other issues at the evidence holding facility, my forensics expert, Mr. Jeff Fischbach, was not able to start his analysis of the data until December 2. My trial started on December 4, giving inadequate time to analyze multiple hard drives, review the plethora of last-minute evidence from the prosecution, build a defense and prepare for trial. Despite this situation and my repeated requests, Mr. Werksman would not consider delaying the trial. He said that it would show signs of weakness and refused to delay.

4) **I was asked to sign stipulations that included information that was not true**

In October of 2015, the government sent a stipulation[10] to Mr. Werksman, which he asked me to sign. I read the document and it was stipulating facts about child pornography (CP) videos and their transportation. Signing this document would be an admission of guilt. Since I had no knowledge of these files and how they came to be on my computer, I refused to sign the stipulation. He told me that not signing this document would extend the trial and would result in more CP videos played for the jury. This may be true, but I still don't think it was appropriate for my own defense attorney to pressure me to sign a stipulation about information that I knew was not true. The next month, the government sent another stipulation that the testimony of Mr. Pixley was "based upon verified forensic copies of "images" of the following digital devices"

---

[7] Computer Forensic Analysis Report, Prepared by Bruce W. Pixley, CISSP, GCFA, EnCE, United States v. Keith Gartenlaub (M 15 01902), November 24, 2015.

[8] Email from Jeff Michael Fischbach, ABFE, to Mark Werksman, Re: Keith Gartenlaub Case, dated Friday, December 5, 2014.

[9] Reporter's Transcript of Proceedings, United States District Court, Central District of California – Western Division - Honorable Christina A. Snyder, United States District Judge Presiding, United States of America v. Keith Preston Gartenlaub, Case No. CR 14-173 CAS, December 8, 2015, page 9, lines 8-9.

[10] Stipulation of the Parties Regarding Video Files, United States of America v. Keith Preston Gartenlaub, Case No. CR-14-173-CAS, dated October (no day), 2015.

listed in the report.[11] Since my forensic expert found evidence that changes were made to my computers during and after the government authorized FISA search of my home,[12] I certainly would not agree that the government's report was based on anything verified. Again, I can find no valid reason why my defense attorney would ask me to sign this document.

5) **My attorney declined to file my Notice of Appeal**

After sentencing, Mr. Werksman refused multiple requests from me and my new attorneys to file my Notice of Appeal, stating that it was not his responsibility. I had to file my own Pro Bono Notice of Appeal on September 6, 2016.[13] Two days later, Mr. Werksman withdrew as my attorney.[14]

6) **The evidence was exaggerated**

During my trial, the prosecution, my attorney and Mr. Pixley misrepresented to the jury that there were almost 100 files on my computers that contained CP.[15,16,17] Mr. Pixley's own report states that there were only 20 files, which are detailed in Exhibits 11-17.[18] The NCMEC report states that there were 21 files.[19] The fact that there were only 21 files in question had been discussed with my entire legal team, including Mr. Werksman, prior to the trial. I notified Mr. Werksman immediately that information about the number of files discussed during the trial was incorrect, but he would not question the testimony on this subject and continued to follow the lead of the prosecution and say that there were around 100 files.

---

[11] Stipulation of the Parties Regarding Searches and Digital Devices, United States of America v. Keith Preston Gartenlaub, Case No. SA CR 14- 173-CAS, dated November (no day), 2015, page 1, lines 27 and 28.
[12] Email from Mark Werksman to Anthony Lewis (USACAC) and Vicki Chou (USACAC), Subject: US v. Keith Gartenlaub – FURTHER PROFFER RE: EXPERT TESTIMONY OF JEFF FISCHBACH, dated December 7, 2015.
[13] Notice of Appeal, Case No. 8:14-cr-00173-CAS, United States of America vs. Keith Preston Gartenlaub, signed September 6, 2016.
[14] (Proposed) Order Granting Motion to Withdraw as Counsel of Record, Case No. 14-CR-00173, United States of America vs. Keith Preston Gartenlaub, filed September 8, 2016.
[15] Reporter's Transcript of Proceedings, United States District Court, Central District of California – Western Division - Honorable Christina A. Snyder, United States District Judge Presiding, United States of America v. Keith Preston Gartenlaub, Case No. CR 14-173 CAS, December 8, 2015, page 14 line 12, page 21 line 25.
[16] Reporter's Transcript of Proceedings, United States District Court, Central District of California – Western Division - Honorable Christina A. Snyder, United States District Judge Presiding, United States of America v. Keith Preston Gartenlaub, Case No. CR 14-173 CAS, December 10, 2015, page 24 lines 13-23.
[17] Reporter's Transcript of Proceedings, United States District Court, Central District of California – The Honorable Christina A. Snyder, U.S. District Judge Presiding, United States of America v. Keith Preston Gartenlaub, Case No. SACR 14-173-CAS, December 9, 2015, Volume 1 of 1/A.M. and P.M. Sessions, Pages 264-455, page 70 lines 15-24.
[18] Computer Forensic Analysis Report, Prepared by Bruce W. Pixley, CISSP, GCFA, EnCE, United States v. Keith Gartenlaub (M 15 01902), November 24, 2015.
[19] NCMEC Report, referenced by Bates 00001-00013, United States of America vs. Keith Preston Gartenlaub, Case No. 14-CR-00173-CAS.

### 7) Unreviewed last-minute evidence was allowed into trial

During my trial, the prosecution requested that Exhibit 55 be allowed into evidence.[20] They said it was a representation of Mr. Pixley's report and that it should be allowed,[21] even though the judge had already said that no new evidence should be introduced and felt that all of the last-minute evidence was "sloppy."[22] Mr. Werksman was pushing me to accept Exhibit 55, but both my forensics expert and I objected, since this piece of evidence had never been seen before and its validity could not be confirmed. Regardless, my attorney allowed it into evidence despite our objections and the clear instructions from the judge that no new evidence should be introduced. Later on, in response to my Rule 29/33 motion, Mr. Werksman states that Exhibit 55 was in fact incorrect, presented at the last minute, and that the government misrepresented its contents.[23] Again, I can think of no reason why my own attorney would have allowed this into the trial.

### 8) Forensic evidence was suppressed

My forensics expert, Mr. Fischbach, found multiple issues with the integrity of the evidence, including chain of evidence. For example, one computer drive was not entered into evidence for 10 days.[24] Mr. Fischbach also found that files on my computer were modified during the FISA search,[25] when I was out of the country, and also after I was arrested. He also would have clarified misinformation provided by the prosecution about the GOM software,[26] which I believe was a key point in my conviction. Mr. Fischbach could also have testified about all of the files on the computer that belonged to other people such as my ex-girlfriend, which would have shown the jury that other people were using my computer. Mr. Werksman said on multiple occasions that he

---

[20] Exhibit 55, United States of America vs. Keith Preston Gartenlaub, Case No. 14-CR-00173-CAS.

[21] Reporter's Transcript of Proceedings, United States District Court, Central District of California – Western Division - Honorable Christina A. Snyder, United States District Judge Presiding, United States of America v. Keith Preston Gartenlaub, Case No. CR 14-173 CAS, December 8, 2015, pages 138-139.

[22] Reporter's Transcript of Proceedings, United States District Court, Central District of California – Western Division - Honorable Christina A. Snyder, United States District Judge Presiding, United States of America v. Keith Preston Gartenlaub, Case No. CR 14-173 CAS, December 8, 2015, page 12 lines 18-19, page 13 lines 10-15, page 12 line 24 through page 13 line 2.

[23] Reply to the Government's Opposition to Defendant's Motion to Set Aside the Verdict, or, in the Alternative, for a New Trial, United States of America vs. Keith Preston Gartenlaub, Case No. 14-CR-00173-CAS, January 5, 2016, page 10, lines 16-28.

[24] Reporter's Transcript of Proceedings, United States District Court, Central District of California – Western Division - Honorable Christina A. Snyder, United States District Judge Presiding, United States of America v. Keith Preston Gartenlaub, Case No. CR 14-173 CAS, December 8, 2015, pages 61-65.

[25] Email from Mark Werksman to Anthony Lewis (USACAC), Vicki Chou (USACAC), Subject: US v. Keith Gartenlaub – FURTHER PROFFER RE: EXPERT TESTIMONY OF JEFF FISCHBACH, dated December 7, 2015.

[26] Reply to the Government's Opposition to Defendant's Motion to Set Aside the Verdict, or, in the Alternative, for a New Trial, United States of America vs. Keith Preston Gartenlaub, Case No. 14-CR-00173-CAS, January 5, 2016, page 15, lines 16-28.

would have Mr. Fischbach testify to what he had found. Clearly, he thought Mr. Fischbach had found some compelling evidence, since he emailed the prosecution what he planned to testify about the first day of my trial, which included evidence of tampering of my computer during a FISA search.[27] An exhibit was prepared and discussed before trial that was to be shown to the jury indicating that tampering was found. However, right before Mr. Fischbach was supposed to go on the stand, Mr. Werksman decided that it was unnecessary. It is very suspicious to me that he did not utilize my forensic expert by allowing him to testify on my behalf or even having him to sit at the defense table during the trial. I believe he was suppressing important evidence for my defense.

9) **My attorney was not compensated for my trial**

Even though I only paid Mr. Werksman to represent me up until the trial,[28] he continued to represent me during my trial without pay. He asked me for more money, which I did not have, and then said that it was not necessary and that he would continue to represent me, even though I owed him in excess of $150,000 almost two months prior to my trial.[29] I now question Mr. Werksman's motivations for continuing to represent me without additional funding given all that transpired. He never pursued collecting the remainder of my debt.

10) **I was misled into waiving my right to a preliminary hearing**

I did not have a preliminary hearing. When I was first arrested, I was initially helped by a friend who is a real estate attorney and not qualified for criminal court. I had not yet had an opportunity to find a criminal defense attorney since I had just been arrested. The prosecution took advantage of this and misled her into asking me to sign a waiver of my right to a preliminary hearing without knowing what it meant. Since I had no previous experience with the criminal justice system and was traumatized by my unexpected arrest and incarceration, I was naïve and signed the waiver.[30] Coincidentally, Mr. Werksman was in the courtroom that day.

11) **My attorney refused to allow potentially useful witnesses**

I provided Mr. Werksman with the names of multiple people, including my ex-girlfriend and her relatives, who had keys to my home and access to my computer during the time when the government says the CP files were downloaded to my computer. These are

---

[27] Email from Mark Werksman to Anthony Lewis (USACAC), Vicki Chou (USACAC), Subject: US v. Keith Gartenlaub – FURTHER PROFFER RE: EXPERT TESTIMONY OF JEFF FISCHBACH, dated December 7, 2015.
[28] Letter from Mark. J. Werksman to Keith Gartenlaub, United States v. Keith Gartenlaub, Case No. SA14-320M, dated August 28, 2014.
[29] Invoice #18531 from Werksman, Jackson, Hathaway & Quinn, LLP, to Keith Gartenlaub, dated October 7, 2015.
[30] Waiver of a Preliminary Hearing, Case No. SA 14-320-M, United States of America v. Keith Preston Gartenlaub, dated August 27, 2014.

people who could testify about how many other people used the computer and could have downloaded files without my knowledge. Despite my belief that these witnesses would be very useful in my defense, I could not convince Mr. Werksman to allow them.

12) **My attorney made incorrect statements**

During my trial, Mr. Werksman made multiple statements that were incorrect and made me look guilty. For example, he said that we were not disputing that there was CP on my computer.[31] This is completely false. I have no knowledge of these files. Mr. Werksman was well aware of my belief that these files were planted by the FBI during one of their FISA authorized secret accesses of my home and computers. He also stated that there were thousands of adult pornography files on my computers.[32] This is also not true. He misspoke during opening arguments and said that I had pleaded guilty and then corrected himself.[33]

In addition to those listed above, there are multiple other situations that occurred around my trial and the FISA hearings leading up to trial that make me suspicious of the United States Attorneys and my own attorney, Mark Werksman, conspiring against me. I have no legal background and do not understand the intricacies of criminal law, but I find it difficult to believe that all of the items above are normal, expected and legal. I respectfully request that your office investigate the attorneys involved in my case for potential ethical and legal violations.


Respectfully,



Keith Gartenlaub

---

[31] Reporter's Transcript of Proceedings, United States District Court, Central District of California – Western Division - Honorable Christina A. Snyder, United States District Judge Presiding, United States of America v. Keith Preston Gartenlaub, Case No. CR 14-173 CAS, December 8, 2015, page 18, lines 18-20.

[32] Reporter's Transcript of Proceedings, United States District Court, Central District of California – Western Division - Honorable Christina A. Snyder, United States District Judge Presiding, United States of America v. Keith Preston Gartenlaub, Case No. CR 14-173 CAS, December 8, 2015, page 21, lines 21-25.

[33] Reporter's Transcript of Proceedings, United States District Court, Central District of California – Western Division - Honorable Christina A. Snyder, United States District Judge Presiding, United States of America v. Keith Preston Gartenlaub, Case No. CR 14-173 CAS, December 8, 2015, page 22, lines 5-6.